# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-60497-BLOOM/Valle

ALEXANDR KOZYREV,

    Plaintiff,

v.

DMITRY PONOMARENKO and
FATIMA ESENOVA,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Fatima Esenova's ("Esenova" or "Defendant") Corrected Motion to Dismiss, ECF No. [35] (the "Motion"), filed on June 10, 2019.[1] Plaintiff Alexandr Kozyrev ("Kozyrev" or "Plaintiff") filed a response, ECF No. [28] ("Response"). The Court has carefully considered the Motion, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part.

**I.    BACKGROUND**

This case involves a dispute over a loan and the use of funds intended for real estate investments. As alleged in the Complaint, ECF No. [1], Kozyrev met Defendant Dimitry Ponomarenko ("Ponomarenko") when Ponomarenko proposed several business projects in 2002. The two kept in contact over the years and Ponomarenko eventually moved to the United States. By 2014, Kozyrev enjoyed substantial success in business, and in early 2015, Ponomarenko and

---

[1] Esenova filed her initial Motion to Dismiss, ECF No. [22] (the "Initial Motion"), on May 10, 2019. The only material difference between the Initial Motion and the Motion is the removal of Exhibit "A," ECF No. [22-1], containing filings from a family court proceeding.

Kozyrev entered into a business agreement, ECF No. [1-2] ("Agreement"). According to the Agreement, Kozyrev would lend Ponomarenko $5 million over the course of twenty-four (24) months to acquire real estate in Florida and sell it for a profit. The Agreement further provided that Ponomarenko would be personally liable for repayment of the loan with interest. Kozyrev transferred a total of $4,695,601.05 in tranches pursuant to the Agreement, which he alleges Ponomarenko and (now ex-) wife Esenova used for their personal needs. In addition, neither Ponomarenko nor Esenova have made efforts to repay Kozyrev, despite Kozyrev's demand.

As a result, Kozyrev asserts three claims against Ponomarenko and Esenova, including breach of contract (Count 1), restitution (Count 2), and unjust enrichment (Count 3). In her Motion, Esenova seeks dismissal of the claims against her for failure to state a claim.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

In the Motion, Esenova argues that the Complaint fails to properly allege claims for breach of contract, restitution, or unjust enrichment. In addition, Esenova contends that Kozyrev's claims are barred by the doctrine of res judicata. The Court considers each argument in turn.

#### a. Breach of contract

To state a claim for breach of contract, a plaintiff must plead the existence of a contract, a material breach, and damages. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).

Esenova argues that the breach of contract claim is insufficiently pled because Kozyrev does not allege an agreement between himself and Esenova. However, Esenova does not dispute the authenticity of the subject Agreement, which is central to Kozyrev's claim. That Agreement states in pertinent part that "[i]n the case of the purchase of real estate or other property by the Borrower being married, his spouse is considered to be a co-borrower in accordance with this loan agreement and is equally responsible with the Borrower for this loan." ECF No. [1-2], ¶ 11. In addition, Kozyrev alleges that Esenova was a direct beneficiary of the loan, ECF No. [1], ¶ 3, and that she has failed to make any repayments on the loan. At this juncture, the allegations are sufficient to state a claim for breach of contract.

### b. Restitution and unjust enrichment

Esenova argues next that Kozyrev's claims for restitution and unjust enrichment are essentially the same, and that Kozyrev has not alleged that he placed funds into her custody. As such, he is not entitled to restitution for unjust enrichment. To state a claim for unjust enrichment under Florida law, a party must allege "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) (quoting *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. 2d DCA 1995)). In the Complaint, Kozyrev alleges that, by virtue of the Agreement, Esenova was a beneficiary and co-debtor with Ponomarenko, and that both she and Ponomarenko improperly used Kozyrev's loaned funds to acquire real estate for themselves and to fund their personal needs. Kozyrev further alleges that neither Ponomarenko nor Esenova have made any attempts to repay Kozyrev. Those allegations are sufficient to state a claim for unjust enrichment against Esenova.

However, to the extent that Esenova argues that the claim for restitution is duplicative of the claim for unjust enrichment, the Court agrees. "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 309 (S.D. Fla. 2001) (citation omitted). Thus, because restitution is the remedy for unjust enrichment, and the Court has already found that the unjust enrichment claim is adequately pled, the Court will dismiss Count 2 as duplicative.

### c. Res judicata

Finally, Esenova argues that the claims asserted against her are barred by res judicata because Kozyrev attempted unsuccessfully to intervene in the Defendants' divorce proceeding to assert them. The doctrine of res judicata bars a subsequent action when the prior decision: (1) was rendered by a court of competent jurisdiction; (2) was a final judgment on the merits; (3) involved the same parties or their privies; and (4) involved the same causes of action. *Trustmark Ins. Co. v. ESLU, Inc.,* 299 F.3d 1265, 1269 (11th Cir. 2002) (citing *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1296 (11th Cir. 2001)). The res judicata bar does not require that the literal causes of action be identical. Rather, it encompasses those claims that could have been raised previously. *Id.*; *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003). Accordingly, a court's focus is whether the prior and present actions "arise out of the same nucleus of operative fact, or [are] based upon the same factual predicate," such that the two cases are essentially the same "claim." *In re Piper,* 244 F.3d at 1297 (citation omitted).

Upon review, Esenova fails to demonstrate that the doctrine of res judicata applies in this case for several reasons. First, as Kozyrev points out, he was not a party to Ponomarenko and Esenova's divorce proceeding. Second, contrary to Esenova's contention, the family court judge's determination that Kozyrev would not be permitted to intervene to assert his claims in her divorce proceeding was not an adjudication on the merits of his claims. Third, Esenova's divorce

proceeding did not involve the same causes of action as the instant case, and, in any event, the two cases cannot be accurately characterized as involving essentially the same claim.

## IV. CONCLUSION

Accordingly, the Motion, **ECF No. [35]**, is **GRANTED IN PART AND DENIED IN PART**, and Count 2 is dismissed with prejudice. The Motion is denied in all other respects, and Esenova shall file her Answer to the Complaint by **July 1, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 20, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record