# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-60497-BLOOM/Valle

ALEXANDR KOZYREV,

        Plaintiff,

v.

DMITRY PONOMARENKO and
FATIMA ESENOVA,

        Defendants.

_____/

## ORDER ON MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon Defendant Fatima Esenova's ("Esenova" or "Defendant") Motion for Sanctions, ECF No. [51] (the "Motion"), filed on November 12, 2019. Following the Court's Order, ECF No. [52], Plaintiff Alexandr Kozyrev ("Kozyrev" or "Plaintiff") filed an expedited response, ECF No. [53] ("Response"). The Court has carefully considered the Motion, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

In the Motion, Esenova seeks sanctions for Kozyrev's failure to attend mediation and his deposition in person. The Court considers each in turn.

### A. Failure to attend mediation in person

Esenova requests sanctions for Kozyrev's failure to attend mediation in person, citing the Mediation Report, ECF No. [46], as support. Notably, however, Esenova does not argue that mediation did not go forward because of Kozyrev's failure to be present in person. Indeed, the

Mediation Report shows that Kozyrev appeared by WhatsApp,[1] and that the mediation conference, which took place on September 23, 2019, lasted one and one-half hours. As such, had his failure to appear in person somehow impeded the proceedings, it was incumbent upon Esenova to bring it to the Court's attention sooner than almost sixty days following the mediation.

The Court notes, however, that Plaintiff's failure to attend the mediation in person does constitute a violation of the Local Rules, which require parties to attend mediation in person, unless excused by the presiding Judge. Local Rule 16.2(e) states that "[u]nless excused in writing by the presiding Judge, all parties and required claims professionals . . . shall be physically present at the mediation conference (*i.e.* in person if the party is a natural person . . . ) with full authority to negotiate a settlement." S.D. Fla. L.R.16.2(e). In this case, Plaintiff did not request the Court's permission to attend mediation remotely, and while Esenova may have been aware that Plaintiff was unable to travel to the United States, Plaintiff's Response is the first time Plaintiff has made the Court aware of his inability to be physically present in the United States. It was incumbent upon Plaintiff's counsel to request permission from the Court in advance for his client to be permitted to attend the mediation other than in person. Counsel failed to do so and has not provided a reason for the noncompliance.

Nevertheless, given that there exists no argument or evidence that the mediation did not go forward or was impeded by Plaintiff's failure to appear in person but rather via attendance by WhatsApp, no sanctions are warranted.

### B.  Failure to attend deposition in person

Esenova also requests sanctions under Rule 37 for Plaintiff's failure to attend his deposition in person on November 11, 2019. Pursuant to Rule 30, "[t]he parties may stipulate—or the court

---

[1] Defendant Dmitry Ponomarenko also appeared by WhatsApp, yet Esenova has not sought sanctions for his failure to appear in person.

may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Under Rule 37, "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." Fed. R. Civ. P. 37(d)(1)(A)(i). According to Esenova, there was no stipulation regarding Plaintiff's appearance because her counsel objected via email to a telephonic appearance in advance of the deposition. In response, Plaintiff argues that the notices of deposition were never properly served, were untimely, and Esenova's refusal to proceed with the deposition was not in good faith. Plaintiff further argues that Defendant was aware that Plaintiff could not obtain a visa to enter the United States, and did not object to Defendant's attendance by Skype at Esenova's deposition the day before his own deposition was scheduled to take place. Esenova has not filed a reply, and thus she has not contested these representations.

Upon review, the Court finds that sanctions for Plaintiff's failure to attend his deposition in person are not warranted either. First, according to the Local Rules, at least seven days' advance notice of a deposition is required, unless the parties stipulate otherwise. S.D. Fla. L.R. 26.1(h). The notice of deposition for Defendant was sent five days prior to the scheduled deposition and there is no evidence that the parties stipulated to a shorter notice period. *See* ECF No. [53-3]. Moreover, if Esenova was aware that Defendant could not obtain a visa for travel to the United States, it was not reasonable for her to expect that he would attend his deposition in person. The Court notes, however, that the more prudent course would have been for Plaintiff's counsel to request in advance an order permitting Plaintiff's deposition to be taken by remote means.

For the foregoing reasons, the Motion, **ECF No. [51]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 27, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record