**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-60497-BLOOM/Valle**

ALEXANDR KOZYREV,

    Plaintiff,

v.

DMITRY PONOMARENKO and
FATIMA ESENOVA,

    Defendants.
_____/

# ORDER ON MOTION TO RECONSIDER OR IN THE ALTERNATIVE MOTION TO EXTEND DEADLINES TO FILE PRE-TRIAL MOTIONS AND CONDUCT DISCOVERY AND MOTION TO COMPEL PRODUCTION OF PREVIOUSLY REQUESTED DISCOVERY

**THIS CAUSE** is before the Court upon Defendant Fatima Esenova's ("Defendant") Motion to Reconsider Denial of Corrected Motion to Discharge Lis Pendens or in the Alternative Motion to Extend Deadlines to File Pre-Trial Motions and Conduct Discovery, and Motion to Compel Production of Previously Requested Discovery, ECF No. [62] ("Motion"). The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Defendant previously filed a Corrected Motion to Discharge Lis Pendens, ECF No. [58] ("Corrected Motion"), which the Court denied because the deadline to file pretrial motions in this case passed on November 27, 2019. *See* ECF No. [59] ("Order"). In the Motion, Defendant requests that the Court reconsider its Order, as the Corrected Motion is not a pretrial motion.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Upon review, Defendant's Motion is not well-taken for two reasons. First, the Motion fails to address any of the three potential grounds justifying reconsideration and therefore fails to set forth any ground warranting reconsideration. Second, the Motion amounts to no more than disagreement with the Court's reasoning and ultimate conclusion in the Order. *See Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) ("It is an improper use of the

motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly.") (citation and alterations omitted); *see also See Roggio v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.") (internal citation and quotations omitted). Accordingly, Defendant fails to demonstrate that reconsideration of the Court's Order is justified.

Moreover, in the Complaint, Plaintiff alleges that Defendants Ponomarenko and Esenova are liable for repayment of a loan under the terms of a business agreement made between Ponomarenko and Plaintiff, and that the agreement provides for Ponomarenko's personal liability, to be interpreted to include his family assets. *See* ECF No. [1] ¶ 12. In addition, Plaintiff alleges that Defendants acquired real estate, which they used for their personal needs. *Id.* ¶ 21. As such, it is far from clear that Defendant is entitled to discharge of the lis pendens in this case as she contends. *See* Fla. Stat. § 48.23(1)(a) ("An action in any of the state or federal courts in this state operates as a lis pendens *on any real or personal property involved therein* or to be affected thereby only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged.") (emphasis added).

In the alternative, Defendant requests that the Court extend the deadlines for filing pretrial motions and for discovery, and requests that the Court compel the production of previously requested discovery. The Court will deny both requests.

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). Such orders "'control the course of the action . . . and may be modified only 'upon a showing of good cause.'"" *Sosa v.*

3

*Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b) and (e)). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. advisory committee's notes). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Id.* at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

In the Motion, Defendant fails to demonstrate the good cause required to warrant an extension of the requested deadlines or consideration of her belated request to compel. The Motion was filed almost a month after pretrial motions were due, and almost two months after the discovery deadline. As such, the Motion is untimely. Moreover, Defendant has made no attempt to demonstrate that she has exercised diligence in attempting to meet the Court's set schedule.

Accordingly, Defendant's Motion, **ECF No. [62]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 27, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record