UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60497-BLOOM/Valle

ALEXANDR KOZYREV,

    Plaintiff,

v.

DMITRY PONOMARENKO and
FATIMA ESENOVA,

    Defendants.
_____/

## ORDER ON MOTION TO RECONSIDER ORDERS DENYING ESENOVA'S MOTION TO COMPEL TRANSFER AND DENYING ESENOVA'S MOTION TO AMEND AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Defendant Fatima Esenova's ("Defendant") Motion to Reconsider Orders Denying Esenova's Motion to Compel Transfer and Denying Esenova's Motion to Amend Affirmative Defenses, ECF No. [78] ("Motion"). In the Motion, Defendant requests that the Court clarify its Order denying Esenova's Motion to Compel, ECF No. [76], in which Esenova requested that the Court compel Kozyrev to transfer his interest in a property back to Ponomarenko, and reconsider its denial of Defendant's leave to amend her affirmative defenses to assert the defense of collusion, which she maintains could not have been pleaded before the amendment deadline, *see* ECF No. [77]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise

argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Upon review, Defendant's Motion is not well-taken. First, the Motion fails to comply with the pre-filing conference requirement set forth in Local Rule 7.1(a)(3). Second, the Motion fails to address any of the three potential grounds justifying reconsideration and therefore fails to set forth any ground warranting reconsideration. Third, the Motion amounts to no more than disagreement with the Court's determinations in the Orders. *See Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly.") (citation and alterations omitted); *see also See Roggio v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013)

("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.") (internal citation and quotations omitted). Accordingly, Defendant fails to demonstrate that reconsideration of the Court's Orders is justified.

The Defendant contends that she could not have asserted the affirmative defense of collusion prior to the deadline set in the Court's Scheduling Order for amendment of the pleadings because the improper transfer of interest in the property only became an issue on January 17, 2020. However, the language of the proposed affirmative defense belies her contention. The proposed affirmative defense states that "[t]he Plaintiff may not recover against Esenova as the financial transactions plead in the Complaint are a result of collusion between the Plaintiff and Ponomarenko." ECF No. [75] at 6. The affirmative defense clearly references the transactions in the Complaint, which are the subject of this case, and not the improper transfer of Ponomarenko's property, which is the subject of two pending appeals, and over which this Court does not have jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [78]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 7, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record