# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-60497-BLOOM/Valle

ALEXANDR KOZYREV,

      Plaintiff,

v.

DMITRY PONOMARENKO and
FATIMA ESENOVA,

      Defendants.

_____/

## ORDER ON MOTION FOR LEAVE TO FILE AND TO AMEND COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Alexandr Kozyrev's ("Plaintiff") Motion for Leave to File and to Amend Complaint, ECF No. [109] (the "Motion"), filed on February 27, 2020. Following the Court's order, Defendant Ponomarenko filed a response stating that he does not oppose the Motion, ECF No. [114], and Defendant Esenova filed a response in opposition to the Motion, ECF No. [121] (together, "Responses"). The Court has carefully considered the Motion, the Responses, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment

would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Here, because Plaintiff's Motion was filed after the Scheduling Order's amendment deadline of June 17, 2019, *see* ECF No. [17], Plaintiff "must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). This means that "the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007).

The Court's Scheduling Order may be modified only "upon a showing of good cause," which "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (citing Fed. R. Civ. P. 16 advisory committee's note; *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")). "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Donahay*, 243 F.R.D. at 699 (citing *Forstmann v. Culp,* 114 F.R.D. 83, 85-86 (M.D.N.C. 1987)). Further, "good cause is not shown if the amendment could have been timely made," even if the opposing party would not be prejudiced. *Id.*; *see also Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1369 (S.D. Fla. 2011), *aff'd sub nom. Kernel Records Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012) ("Diligence is evaluated by considering the following factors: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether

even after acquiring the information the plaintiff delayed in seeking the amendment."). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the Motion, Plaintiff asserts that he has finally obtained banking records from Defendant Ponomarenko from 2012 to 2014 that show that Ponomarenko began to solicit investments from Kozyrev as early as late 2011, and that Ponomarenko was systematically transferring those moneys to his own bank accounts to use to buy his house on Hatteras Lane. In addition, Plaintiff contends that his recent access to family court documents from Defendants Ponomarenko and Esenova's divorce reveal that they treated the house as their own in the divorce settlement, despite having acquired it using Plaintiff's funds. Finally, Plaintiff asserts that he is required to amend to allege a partial satisfaction of the debt alleged in the Complaint based upon a settlement entered into between Ponomarenko and Kozyrev (which included a new schedule of payments and transfer of Ponomarenko's 50% stake in the Hatteras Lane house). As a result, Plaintiff requests leave to amend to assert breaches of contract for twenty-one additional promissory notes, unjust enrichment, money had and received, declaratory relief, and imposition of a constructive trust. *See* ECF No. [109-1].[1]

Upon review, Plaintiff has failed to demonstrate the good cause necessary to justify amendment of its pleadings at this stage—three days before the trial is scheduled to commence. First, the recently discovered new facts related to events taking place as early as 2011 are not relevant in this case, which asserts claims for a breach of contract related to events taking place

---

[1] To the extent that Plaintiff argues that amendment should be permitted because the Court permitted Esenova to amend her affirmative defenses at the calendar call, Plaintiff is mistaken in fact. The Court had previously denied Esenova's request to amend her affirmative defenses, *see* ECF Nos. [77], [79], and at the calendar call merely required her counsel to properly file proposed jury instructions to set out the elements of her previously asserted affirmative defenses.

beginning in 2015. As a result, it is unclear how bank statements from 2012 to 2014 relate to an alleged breach of contract in 2015. Second, the new facts Plaintiff contends to have only discovered upon production of the bank records are not in fact new, as he himself was a party to the promissory notes with Ponomarenko. Third, the proposed pleading belies Plaintiff's characterization of his request to amend as merely to conform to the evidence. Indeed, the proposed amended complaint seeks to assert breaches of contract based on twenty-one additional promissory notes, and additional claims based upon facts that are not relevant to the breach of contract and unjust enrichment claims currently at issue in this case. And, although Plaintiff makes the representation that the banking records were requested and only recently produced by Defendant Ponomarenko, Plaintiff does not state when he requested those records from Ponomarenko or the manner in which they were requested. Nor did he alert the Court by way of a motion to compel that documents were outstanding. Moreover, there is no indication by any party that documents would be produced so far after expiration of the discovery deadline. *See* ECF No. [48] (extending discovery deadline to November 19, 2019).

Moreover, the additional claims Plaintiff seeks to assert relate to the disposition of funds transferred by Plaintiff to Ponomarenko and dispute the true ownership of the house on Hatteras Lane. These are claims which are not the subject of the current breach of contract before the Court based on transfers of funds beginning in 2015. As the Court previously determined in vacating the stipulated judgment between Ponomarenko and Plaintiff, according to the marital settlement agreement between Ponomarenko and Esenova, Ponomarenko could not transfer his interest in the Hatteras Lane property without Esenova's consent. *See* ECF No. [71]. The instant case is not the proper vehicle through which to challenge the marital settlement agreement, which is the subject of two pending state court appeals. Finally, to the extent that Plaintiff contends that Ponomarenko

may be entitled to a set-off of any potential judgment based upon his agreement with Ponomarenko, that is an issue that can be addressed post-trial, if necessary, and in any event, Ponomarenko has asserted no such defense in this case.

Accordingly, Plaintiff's Motion, **ECF No. [109]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 28, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record