UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 19-cv-60497-BLOOM/Valle**

ALEXANDR KOZYREV,

    Plaintiff,

v.

DMITRY PONOMARENKO and
FATIMA ESENOVA,

    Defendants.
_____/

## ORDER ON MOTION TO AMEND FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Fatima Esenova's ("Esenova") Motion to Amend Final Judgment, ECF No. [144] ("Motion"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

On January 16, 2020, the Court entered a Stipulated Judgment, ECF No. [66], based upon Plaintiff Kozyrev and Defendant Ponomarenko's representation that they had settled the claims between them in this case. *See* ECF No. [64]. As part of the settlement, Ponomarenko agreed to convey to Kozyrev his rights and interest in the real property at the address 1270 Hatteras Lane, Hollywood, Florida (the "Property"). *Id*. Based upon Kozyrev's and Ponomarenko's representations, the Court entered the Stipulated Judgment. Thereafter, Esenova filed a response in which she objected to the Stipulated Judgment, attaching a copy of the marital settlement agreement between her and Ponomarenko, which revealed that neither spouse is permitted to transfer their interest in the Property without the other's consent. *See* ECF No. [67]. A consolidated appeal with respect to the Ponomarenko and Esenova's marital dissolution case remains pending

before Florida's Fourth District Court of Appeal. *See* Case Nos. 4D19-2949 and 4D19-2993. Therefore, the Court vacated the Stipulated Judgment. *See* ECF No. [71]. This case proceeded to trial before a jury upon the claims asserted by Plaintiff Kozyrev, as neither Defendant asserted any counterclaims. On March 6, 2020, the jury returned a verdict finding that no valid contract existed between Plaintiff Kozyrev and Defendant Ponomarenko, and that Plaintiff Kozyrev did not give a benefit to Defendant Ponomarenko or Esenova. *See* ECF No. [140]. As a result, the Court entered a final judgment in favor of Defendants Ponomarenko and Esenova on Plaintiff Kozyrev's claims. *See* ECF No. [143] ("Final Judgment").

In the Motion, Esenova requests that this Court amend the Final Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, to either cancel the January 2020 quit claim deed from Ponomarenko to Kozyrev, or require Kozyrev to transfer the Property back to Ponomarenko. Upon review, Esenova's request is due to be denied.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *See In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *Edwards v. United States*, 295 F. App'x 320, 321 (11th Cir. 2008) (quoting *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006)).

Through the Motion, Esenova is requesting for the third time relief that this Court has previously found to be improper within the context of this case. *See* ECF Nos. [76], [79], [122]. As the Court previously determined, the relief Esenova is requesting is essentially for breach of the terms of the marital agreement, which is the subject of the consolidated appeal pending before

the Fourth District Court of Appeal, and over which this Court does not have jurisdiction. Moreover, even if the Court had jurisdiction, the validity of the marriage settlement agreement and resulting transfer of the Property was not an issue tried to the jury. As such, there is no basis for the Court to amend the Final Judgment or direct that Kozyrev transfer the Property to Ponomarenko, as Esenova requests.[1]

Esenova further argues that Defendant Ponomarenko breached the marital settlement agreement and violated the marital dissolution judgment "under the auspices of a *court ordered* mediation proceeding with a '*court appointed*' mediator *in this case*." However, this argument does not support the relief requested. By vacating the Stipulated Judgment, this Court has granted the relief it can with respect to the Property. The cases relied upon by Esenova do not hold otherwise.

Accordingly, Esenova's Motion, **ECF No. [144]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] Because the Property was not a subject of the claims asserted in this case, Rule 70 of the Federal Rules of Civil Procedure does not apply here. Contrary to Esenova's suggestion, the Court may not just order transfer of the Property pursuant to Rule 70 in a vacuum. *See* Fed. R. Civ. P. 70 ("Enforcing a Judgment for a Specific Act").